IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Olivia Wilson, ) | C/A No. 3:23-cv-04973-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Dominion Energy, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 12.]

**PROCEDURAL BACKGROUND**

In this action, Plaintiff, proceeding *pro se*, asserts claims relating to a contract with Dominion Energy to provide utility services. *See* ECF No. 1. This matter was referred to the magistrate judge for all pretrial proceedings. On October 25, 2023, the magistrate judge issued her Report, finding Plaintiff's claims to be frivolous and subject to summary dismissal. [ECF No. 12.] The Report recommends dismissal of Plaintiff's complaint with prejudice and without issuance and service of process. *Id.* Plaintiff filed objections to the Report. [ECF No. 15.] Thus, the matter is ripe for review by this court.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir.

1

2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report thoroughly explains why Plaintiff's claims are frivolous and subject to summary dismissal, and the court adopts both the reasoning and findings in the report. *See* ECF No. 12 at 6–9. Briefly, as set forth in the Report, Plaintiff has her utilities with Defendant, and she

2

has attempted to satisfy her account via a "bill of exchange." *See* ECF No. 11 at 3. The Report explains that "Plaintiff is not the first to send a 'bill of exchange' to a lender in hopes of settling a given debt." [ECF No. 12 at 6.] But this court, and many others, have found such claims to be frivolous and based on errors of law since a bill of exchange is not valid legal tender. *Id.* at 6–12; *see also Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. Dec. 19, 2007) (noting bills of exchange are not "by definition illegitimate" but dismissing a case where the facts alleged by the Plaintiff did not demonstrate that her bill of exchange was anything more than "a worthless piece of paper"). Plaintiff objects to this conclusion. The court addresses her objections below.

In her objections, Plaintiff relies on many misstatements of the law. [ECF No. 15 at 2.] She begins her objections by asserting that jurisdiction under 28 U.S.C. 1331 is established in this case because Plaintiff listed federal laws in the complaint and "federal laws are written by Congress." *Id*. She is incorrect. The mere recitation of federal laws in a complaint does not establish subject matter jurisdiction. "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Federal courts thus have a duty to determine, sua sponte, whether subject matter jurisdiction exists and to dismiss an action where it does not. *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Generally, federal courts may hear cases arising under federal law and certain disputes between diverse parties. *See* 28 U.S.C. § 1331–31.

From there, Plaintiff reasserts her breach of contract claims. *See* ECF No. 15 at 2–5. She alleges claims of violation of the Federal Reserve Act, breach of contract, non-performance, breach of fiduciary duty, securities fraud, and other federal law violations. *Id.* However, Plaintiff fails to identify facts to support her claims. She claims Dominion has failed to perform its obligations but does not explain how so. *Id.* at 2. She notes that Dominion has failed to apply her tender of performance, but, as set out in the Report, to the extent that is the basis of Plaintiff's complaint, it is frivolous. *See* ECF No. 12 at 6–9. Plaintiff relies on *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240 (1935), and "the legal principles established in [that] case . . . ." [ECF No. 11 at 4.] But nothing in *Norman* obligates a company to accept a "bill of exchange" as settlement for a debt, nor does Plaintiff explain how that case renders her own not frivolous. The very foundation of Plaintiff's claim is frivolous, and it must be dismissed for that reason.

After reciting her claims against Dominion, Plaintiff addresses the Report. Plaintiff disagrees with the label "sovereign citizen" but does not distinguish her arguments from that ideology. [ECF No. 15 at 5.] Indeed, the Report acknowledges that the Plaintiff does not identify as a "sovereign citizen" but points out how her claims fall in line with that line of reasoning. *See* ECF No. 12 at 7–9. In numerous cases where a plaintiff cited the Cestui Que Vie Act of 1666 and included documents such as a "durable power of attorney," courts have continuously recognized these complaints as "rooted in sovereign citizen ideology." *Anderson v. Navy Federal Credit Union*, C/A No. 3:23-05506-DGE, 2023 WL 6481518, at *3 (W.D. Wash. Oct. 5, 2023) (collecting cases). Moreover, whether Plaintiff agrees with being grouped with "sovereign citizens" has no bearing on whether her claims are frivolous. Plaintiff's objection is overruled.

4

Plaintiff espouses her belief that holding a social security card makes her an authorized officer of the United States and the federal reserve bank, giving her the authority to enforce the Federal Reserve Act. [ECF No. 15 at 5–6.] She is wrong. The Social Security Administration, an agency of the federal government, issues social security numbers for *identification* purposes. A social security card bearing that assigned number does not recognize or impose "contractual rights, obligations, or duties." *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011). Therefore, Plaintiff is a private individual, not a federal officer. As explained in the Report, private individuals do not have a private right of action to enforce the Federal Reserve Act. *See* ECF No. 12 at 9–10. For those reasons, this objection is overruled.

Plaintiff then misstates the Emergency Banking Act writing that "all debts are already paid" and that the social security card was implemented in the place of gold when it was taken out of circulation. [ECF No. 15 at 6.] Plaintiff goes on to claim that she invested in a corporation through an application in which there is interest due on her deposit. *Id*. Plaintiff asserts that the bills received are revenue checks that have a positive balance, meaning there is a "credit that can be reverted back to the account for set-off." *Id*. As the Report pointed out, this entire line of reasoning is incorrect and in line with sovereign citizen ideology. *See* ECF No. 12 at 7–9. Merely invoking the Constitution and various other authorities is insufficient to support a federal claim without factual allegations to support that claim.

For the reasons explained in the report, the court finds Plaintiff's complaint is frivolous and subject to dismissal. See ECF No. 12 at 4–12. Plaintiff has made commercial obligations and will not settle her personal debts by sending a "bill of exchange" to the lender or demanding the United States government to discharge them. All of her objections are overruled.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 12, in its entirety. As a result, this case is **SUMMARILY DISMISSED WITH PREJUDICE and WITHOUT ISSUANCE and SERVICE OF PROCESS**.

IT IS SO ORDERED.

May 20, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge